*<u>E-FILED - 11/10/09</u>*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO, ) | No. C 09-4136 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF SERVICE; |
| ) | DIRECTING DEFENDANTS TO |
| vs. ) | FILE DISPOSITIVE MOTION |
| ) | OR NOTICE REGARDING |
| ) | SUCH MOTION |
| CORRECTIONAL SERGEANT M. ) | |
| VALENZUELA, CORRECTIONAL ) | |
| OFFICER V. FRANCO, AND ) | |
| CORRECTIONAL OFFICER D. ) | |
| GALINDO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of Salinas Valley State Prison, where plaintiff's allegations occurred.   Plaintiff is granted leave to proceed in forma pauperis in a separate order.  The court orders service of the complaint on the named defendants.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

1  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
2  seek monetary relief from a defendant who is immune from such relief. Id. at §
3  1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica
4  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
7  and (2) that the alleged deprivation was committed by a person acting under the color of state
8  law. West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.    Plaintiff's Claim

10        Plaintiff alleges that on September 16, 2008, defendants Valenzuela and Franco
11  purposefully housed him, an inmate with a "Special Needs Yard" classification, putting him in
12  protective custody, with an inmate named Gasaway, who is a "general population" inmate,
13  knowing that the two housing classifications were incompatible. Franco and Valenzuela
14  intentionally housed the two together, assuring them that their paperwork indicated their custody
15  levels were compatible.

16        On September 19, 2008, defendant Galindo announced to a section of the prison
17  population that plaintiff was in protective custody with Gasaway, a general population inmate.
18  Defendant Galido knew that housing inmates of differing custody status could result in serious
19  harm. Immediately after defendant Galido made the announcement and left the area, inmate
20  Gasaway assaulted plaintiff, knocked him unconscious, and nearly killed him. Plaintiff was
21  transferred to an outside hospital for medical treatment.

22        Liberally construed, plaintiff states a cognizable claim that defendants were deliberately
23  indifferent to his health and safety. The court will order service of the complaint based on the
24  cognizable claim described above.

25

26  **CONCLUSION**

27      1.    The clerk of the court shall issue summons and the United States Marshal shall

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Tufono136srv.wpd    2

serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon: CORRECTIONAL SERGEANT M. VALENZUELA, CORRECTIONAL OFFICER V. FRANCO, AND CORRECTIONAL OFFICER D. GALINDO, at SALINAS VALLEY STATE PRISON in SOLEDAD, CALIFORNIA.  The clerk shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

3.   No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

   a.   If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

   a.   In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

  b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  5.  Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

1       6.      The motion shall be deemed submitted as of the date the reply brief is due. No
2  hearing will be held on the motion unless the court so orders at a later date.

3       7.      All communications by the plaintiff with the court must be served on defendants,
4  or defendants' counsel once counsel has been designated, by mailing a true copy of the
5  document to defendants or defendants' counsel.

6       8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
7  No further court order is required before the parties may conduct discovery.

8       For plaintiff's information, the proper manner of promulgating discovery is to send
9  demands for documents or interrogatories (questions asking for specific, factual responses)
10 directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to
11 matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).
12 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
13 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
14 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
15 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
16 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
17 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
18 to his benefit to wait until defendants have filed a dispositive motion which could include some
19 or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered
20 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
21 Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
22 with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
23 motion to compel he must send a letter to defendants to that effect, offering them one last
24 opportunity to provide him with the sought-after information.

25      9.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
26 and all parties informed of any change of address and must comply with the court's orders in a
27 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
28 pursuant to Federal Rule of Civil Procedure 41(b).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Tufono136srv.wpd     5

1  IT IS SO ORDERED.
2  DATED: __11/6/09__                    *Ronald M. Whyte*
3                                          RONALD M. WHYTE
                                            United States District Judge